THE STATE OF OHIO, APPELLEE, v.
MARSHALL, APPELLANT.

[Cite as State v. Marshall (1979), 60 Ohio App. 2d 371.]

(No. C-780270—Decided January 3, 1979.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. William E. Breyer,* for appellee.

*Mr. Thomas C. Korbee,* for appellant.

KEEFE, J. Now, therefore the single assignment of error having been fully considered, it is accordingly passed upon in conformity with App. R. 12 (A) as described herein.

The following verbatim assignment of error—as terse as it is—indicates well the character of the matter before us:

"The trial court erred to the prejudice of defendant-appellant in overruling his motion for expungement of criminal record."

As urged in appellant's brief and asserted in oral argument, the true thrust of the assignment of error is to challenge the correctness of the trial court's refusal to grant

expungement solely because the court concluded that appellant was not a first offender.

On April 19, 1961, appellant Marshall was arrested for violating R. C. 3719.17 (illegal procurement of narcotic drugs), a felony. While awaiting the disposition on the felony charge, on July 20, 1961, Marshall was found guilty of loitering, for which he was given a suspended sentence. Thereafter, on October 31, 1961, upon being convicted of the felony, Marshall was sentenced to the reformatory where he stayed until released in 1965. In 1971, the United States Supreme Court held the Cincinnati loitering ordinance, under which Marshall had been convicted, invalid. *Coates* v. *Cincinnati* (1971), 402 U. S. 611. Thus, Marshall's record of a felony conviction and a misdemeanor conviction—albeit a somewhat tenuous misdemeanor as the offshoot of *Coates*—is brought before us for evaluation in the light of the expungement sections of the Code, portions of which are included below.[1]

The conviction of more than one offense, whether it be a misdemeanor or a felony, precludes favorable consideration under the expungement sections, R. C. 2953.31 *et seq.* See *Stati* v. *Walsh* (1975), 73 Ohio Op. 2d 498. We have no trouble with that precept, but the rule is not dispositive of the issue before us. We take into consideration the author's impression of the relevant law stated in 10 Ohio Jurisprudence 2d 258, Constitutional Law, Section 176, as follows:

"Effect in Criminal Cases.—The general principle, that legal effect should not be given to unconstitutional laws, is applied to criminal enactments which are in violation of the Constitution. An offense created by an unconstitutional law is not a crime; a conviction under it is not merely erroneous,

---

[1] R. C. 2953.31 provides:

"As used in section 2953.31 to 2953.36 of the Revised Code, 'first offender' means anyone who has once been convicted of an offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction."

R. C. 2953.32 provides in part:

"(A) A first offender may apply to the sentencing court if convicted in the state or to a court of common pleas if convicted in another jurisdiction for the expungement of the record of his conviction, at the expiration of three years if convicted of a felony, or at the expiration of one year if convicted of a misdemeanor, after his final discharge."

but is illegal and void, and cannot be a legal cause of imprisonment."

It would be less than candid if we failed to recognize that the evaluation we must make is not free of challenge. The trial court experienced a similar casting about until ultimately the court decided to overrule the motion for expungement, but recommended that the defendant take the matter to the Court of Appeals. It is our conclusion, after reviewing our decision in *State* v. *Penn* (1977), 52 Ohio App. 2d 315, (although containing a different factual pattern, but construing the expungement statutes), and other pronouncements, that the correct decision here is to hold that Marshall is a first offender within the meaning of R. C. 2953.31 *et seq.*[2] We emphasize here, as the majority enunciated in *Penn*, that R. C. 1.11 requires that such laws as the expungement sections be liberally construed and R. C. 1.49 proclaims that in construing ambiguous statutes the court may consider among other matters the object sought to be attained by the legislature. The ambiguity which exists here is whether the word "offense" in R. C. 2953.31 contemplates a conviction under a statute or ordinance later held unconstitutional by the United States Supreme Court.

Thus, we consider the assignment of error well taken and find the appellant to be a first offender within the meaning of R. C. 2953.31, because in the application of this statute appellant's misdemeanor conviction is void. As we prescribed in *Penn*, we reverse the judgment below, and also remand for further proceedings according to law, particularly for compliance with R. C. 2953.32 (C), which vests the court below with discretion with regard to the expungement of the record of conviction and which provides standards for the exercise thereof.

*Judgment reversed*
*and cause remanded.*

BETTMAN and BLACK, JJ., concur.

---

[2] A motion for leave to appeal *State* v. *Penn* was overruled by the Supreme Court of Ohio on September 9, 1977.