**Curtis Joe THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58982.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 10, 1980.

H. Deloyd Bailey, Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., and Don Maxfield, Asst. Dist. Atty., Wichita Falls, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W. C. DAVIS, Judge.

The appellant was convicted of delivery of methqualone. The jury assessed punishment at three years confinement.

On appeal, appellant contends that the trial court erred in failing to submit the issue of probation to the jury. We agree and reverse. On January 13, 1978, after the jury had returned a verdict of guilty in the case, the trial court refused to file appel-

lant's application for probation for the jury's consideration because of a prior theft conviction. See Article 42.12, Sec. 3a, Vernon's Ann.C.C.P. The record reflects that the appellant was convicted for theft on October 7, 1974 and received a five year probated sentence. The cause was dismissed on February 11, 1977. The appellant urged at trial, as he does now on appeal, that the theft conviction was void due to a fundamentally defective indictment. The record reflects that the theft conviction was indeed founded on a void indictment.[1] See *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1976).

Article 42.12, Section 3a, Vernon's Ann.C. C.P., provides in part:

"In no case shall probation be recommended by the jury except when the sworn motion and proof shall show, and the jury shall find in their verdict that the *defendant has never before been convicted of a felony* in this or any other State." (Emphasis added)

Thus, the question presented is whether the appellant was entitled to have the issue of probation submitted to the jury, in view of the trial court's reliance on a prior conviction, which has now been determined to be void.

When an indictment does not allege an offense, it is insufficient and any conviction based thereon is void. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974). A void conviction may be challenged at any time. *American Plant Food Corporation v. State*, supra. As the Court reiterated in *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr.App.1980), a valid indictment is essential to the trial court's jurisdiction in a criminal case. Where the indictment is void, the trial court is without the power to act. *Garcia v. Dial*, supra.

In *Baker v. State*, 520 S.W.2d 782 (Tex. Cr.App.1975), this Court reversed the de-

---

1. The indictment charged that "Curtis Joe Thompson on or about the 29th day of March A.D. 1974 . . . did then and there unlawfully exercise control over property, namely, United States currency, of the value of over $200 and under $10,000, with intent to deprive

the owner, H. B. Pope, of the property . ." This indictment does not allege that the exercise of control over the property was "*without the owner's effective consent.*" See Section 31.03, V.T.C.A. Penal Code and *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1976).

fendant's conviction when the trial court refused to submit the issue of probation to the jury. In *Baker*, the defendant testified that he had been twice convicted; however, both of those convictions were on appeal. The Court, construing Article 42.12, supra, held:

"We construe the term 'convicted of a felony' to mean a final conviction. A conviction which is 'on appeal' is not final."

The Court held in *Baker v. State*, supra, that the felony conviction which renders the defendant ineligible for a jury's determination on the issue of probation must be a final conviction. It is axiomatic that the conviction must also be a valid conviction.

■ The right to probation is valuable; when testimony reasonably supports a defendant's motion for probation, the issue should be submitted to the jury. *Trevino v. State*, 577 S.W.2d 242 (Tex.Cr.App.1979). The failure to submit the issue in this case was error.

The judgment is reversed and the cause remanded.