NO. 07-08-0116-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 19, 2009

_____

RICKY D. MANLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2006-497,968; HONORABLE LARRY B. "RUSTY" LADD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Ricky D. Manley, was convicted by a jury of driving while intoxicated and sentenced to confinement in the Lubbock County Jail for a period of one hundred eighty-two days. Appellant contends the trial court committed reversible error when it: (1) denied his proposed jury instruction that would permit jurors to disregard illegally seized evidence

and (2) denied his requested jury instructions regarding community supervision. The State candidly concedes error on Appellant's second issue and acknowledges that this Court should reverse Appellant's sentence and remand the cause to the trial court for a new sentencing hearing. Having reviewed both issues, we accordingly affirm the trial court's judgment of conviction, reverse the judgment as to Appellant's punishment, and remand the cause to the trial court for new punishment proceedings consistent with this opinion.

## Background

On February 15, 2006, Appellant was charged with driving while intoxicated, a Class A misdemeanor. Prior to trial, Appellant filed with the judge a written sworn motion seeking community supervision in the event of a conviction. In that motion, Appellant swore that he had never previously been convicted of a felony in this or any other state. *See* Tex. Code Crim. Proc. Ann. art. 42.12, §4(e) (Vernon Supp. 2008).

### Trial

At trial, Officer Jordan Gladmann of the Wolfforth Police Department was the sole witness. Officer Gladmann testified that, on January 13, 2006, he was on patrol with lead officer Sergeant James Baucum when they spotted Appellant's pick-up truck at a four-way stop. As Appellant passed their patrol car, Officer Gladmann turned around in his seat and observed that the truck's tag lamp lacked illumination and Appellant's rear license plate was illegible at a distance of fifty feet. Officer Gladmann advised Sergeant Baucum of his

2

observations and Sergeant Baucum confirmed the violation. The officers made a u-turn, activated their overhead lights, and initiated a traffic stop.

When Officer Gladmann encountered Appellant, he could smell a very strong odor of alcohol emanating from inside the truck. When he advised Appellant that the purpose of the stop was a defective tag lamp, Appellant admitted his truck was having electrical problems and that the tag lamp was defective. However, upon closer inspection by Sergeant Baucum, it was discovered that, although the lamp was illuminated, it was covered with dirt and road grime.

During the stop, Appellant was not steady on his feet, his speech was slurred, and he appeared disoriented while searching for his driver's license. The officers administered two field sobriety tests. Appellant exhibited seven of eight indicators of intoxication on the "walk & turn" test and three of four indicators on the "one leg stand" test. Appellant refused a breathalyser test. Based upon the information gathered, Appellant was arrested for DWI. Following his arrest, Appellant's truck was searched. During the search, officers found an open bottle of whiskey, a half empty cold can of beer, drug paraphernalia, and the burnt residue of a marihuana cigarette in the ashtray.

Prior to the jury being charged, Appellant asserted there was a fact issue whether the officers' traffic stop was valid and sought a jury instruction stating, in pertinent part:

> You are instructed that under our law no evidence obtained or derived by an officer or other person as a result of an unlawful stop of an accused motor

vehicle shall be admissible in evidence against such accused. An officer is permitted, however, to make a temporary investigative detention of the motorist if the officer has reasonable suspicion if some activity out of the ordinary is occurring or has occurred, that the person detained is connected with such activity, and that there is some indication that the activity is related to a crime or a criminal offense. Now, bearing in mind these instructions, if you find from the evidence . . . .

The trial court denied Appellant's requested instruction. Thereafter, the jury found Appellant guilty of DWI.

**Punishment Phase**

During the punishment phase, Appellant asserted he had never previously been convicted of a felony in Texas, or any other state in the United States, and requested an instruction regarding the possibility of community supervision. The State asserted that Appellant had been convicted of the third-degree felony of burglary of a motor vehicle in 1989. The trial court overruled Appellant's request. Thereafter, the jury sentenced Appellant to confinement for one hundred eighty-two days in the Lubbock County Jail. This appeal followed.

**Discussion**

Appellant contends the trial court should have issued his proposed instruction permitting the jury to decide whether the officers lawfully stopped his truck, *i.e.,* did the officers have reasonable suspicion to make the traffic stop? In support, Appellant

4

contends there was a fact issue whether the tag lamp on his truck was operating prior to the traffic stop. He also asserts the trial court erred in its determination that he had been convicted of a felony in 1989 and improperly denied him an instruction on the availability of community supervision.

The State asserts there was no fact issue at trial whether Appellant's tag lamp was legally operable prior to the traffic stop and concedes error on Appellant's second issue acknowledging that, although Appellant pled guilty to a felony in 1989, the trial court adjudged and punished his crime as a Class A misdemeanor under section 12.44(a) of the Texas Penal Code.

**Standard of Review**

In analyzing a jury-charge issue, we first determine if error occurred and, if so, we conduct a harm analysis. *Ngo* v. *State*, 175 S.W.3d 738, 743 Tex.Crim.App. 2005). The degree of harm required for reversal depends on whether an appellant has preserved error by objection. *Id.* A jury-charge error requires reversal when, after proper objection, the appellant suffers "some harm" to his rights. *Id.; Almanza v. State*, 686 S.W.2d 157, 174 (Tex.Crim.App. 1985) (op. on reh'g), *reaffirmed, Middleton v. State,* 125 S.W.3d 450, 453 (Tex.Crim.App. 2003).

5

**Article 38.23 Instruction**

Article 38.23 of the Code of Criminal Procedure prohibits the admission of evidence against an accused in a criminal trial if the evidence was obtained in violation of the Texas or United States Constitutions or state laws.  *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).[1]  Prior to the submission of a jury instruction under article 38.23, the defendant must meet the following three requirements:

(1) the evidence heard by the jury must raise an issue of fact;

(2) the evidence on that fact must be affirmatively contested; and

(3) that contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

*See* art. 38.23(a); *Oursbourn v. State*, 259 S.W.3d 159, 177 (Tex.Crim.App. 2008); *Madden v. State*, 242 S.W.3d 504, 510 (Tex.Crim.App. 2007).

As to the first requirement, Appellant maintains that there was a fact issue as to whether or not his tail lamp sufficiently illuminated the rear license plate so as to be clearly legible from fifty feet.  In that regard, Officer Gladmann consistently testified that Appellant's tag lamp did not illuminate his rear license plate sufficiently to be legible fifty feet away.  Section 547.322(f) of the Texas Transportation Code requires that vehicles have a tail lamp or separate lamp constructed and mounted to emit a white light that: (1)

---

[1]For convenience, provisions of the Texas Code of Criminal Procedure will hereinafter be cited as "article ___."

6

"illuminates the rear license plate," and (2) "makes the plate clearly legible at a distance of 50 feet from the rear." Tex. Transp. Code Ann. § 547.322(f) (Vernon 1999). Whether or not the lamp itself was operable is of no consequence so long as the officers stopped Appellant because there was insufficient illumination for the tag to be seen fifty feet away. Officer Gladmann's testimony in that respect was undisputed. *See Madden*, 242 S.W.3d at 517-18. As such, Appellant failed to raise a fact issue material to the lawfulness of the challenged conduct in obtaining the evidence. Issue one is overruled.

**Community Supervision Instruction**

Article 42.12 of the Texas Code of Criminal Procedure permits a jury to recommend to a judge that he or she suspend the imposition of a sentence and place the defendant on community service. Tex. Code Crim. Proc. Ann. art. 42.12, § 4(a) (Vernon Supp. 2008). Pursuant to article 42.12, § 4(e), Appellant asserted eligibility for the jury's recommendation by filing a written, sworn motion prior to trial indicating that he had not previously been convicted of a felony in this state or any other state.

In 1988, Appellant had been charged with the third-degree felony of burglary of a motor vehicle. However, in March of 1989, Appellant reached a plea agreement whereby the district attorney agreed to reduce Appellant's punishment to a misdemeanor in exchange for a statement. Subsequently, Appellant pled guilty to the third-degree felony and the trial court determined that the circumstances of Appellant's case fell within the

purview of section 12.44(a) of the Texas Penal Code.[2]  Thereafter, the trial court entered a conviction of guilt for a Class A misdemeanor and punished Appellant accordingly.

During the punishment phase of this case, the State opposed Appellant's request for an instruction regarding community supervision asserting that Appellant had been convicted of the third-degree felony of burglary of a motor vehicle in 1989.  The trial court overruled Appellant's request.  The State now confesses error.  Having reviewed the judgment issued March 1, 1989, by the 72nd District Court of Lubbock County, in proceedings regarding the charge of felony burglary of a motor vehicle, we agree that "a conviction of guilt for a Class A Misdemeanor [was] entered."  Appellant's second issue is sustained.

**Harm Analysis**

Because Appellant did object to the trial court's refusal to instruct the jury as to Appellant's eligibility for community supervision, we must analyze the error from a "some harm" perspective.  Eligibility for community supervision is a valuable right and the issue

---

[2]In 1989, section 12.44(a), stated, in pertinent part, as follows:

A court may set aside a judgment or verdict of guilty of a felony of the third degree and enter a judgment of guilt and punish for a Class A misdemeanor if, after considering the gravity and circumstances of the felony committed and the history, character, and rehabilitative needs of the defendant, the court finds that such sentence would best serve the ends of justice.

Act of May 24, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 908 (current version at Tex. Penal Code Ann. § 12.44 (Vernon Supp. 2008)).

should be submitted to the jury whenever the record reasonably supports the request. *Thompson v. State,* 604 S.W.2d 180 (Tex.Crim.App. 1980). The trial court's denial of this statutory right deprived the jury of the opportunity to even consider granting Appellant community supervision, thereby certainly causing him some harm.

## Conclusion

Accordingly, we affirm the judgment of conviction, reverse the judgment as to punishment, and remand the cause to the trial court for new punishment proceedings consistent with this opinion.

Patrick A. Pirtle
Justice

Do not publish

9