NO. 07-08-0116-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C 

 MAY 19, 2009

______________________________


RICKY D. MANLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2006-497,968; HONORABLE LARRY B. “RUSTY” LADD, JUDGE

_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


MEMORANDUM OPINION


          Appellant, Ricky D. Manley, was convicted by a jury of driving while intoxicated and
sentenced to confinement in the Lubbock County Jail for a period of one hundred eighty-two days. Appellant contends the trial court committed reversible error when it: (1) denied
his proposed jury instruction that would permit jurors to disregard illegally seized evidence
and (2) denied his requested jury instructions regarding community supervision. The State
candidly concedes error on Appellant’s second issue and acknowledges that this Court
should reverse Appellant’s sentence and remand the cause to the trial court for a new
sentencing hearing. Having reviewed both issues, we accordingly affirm the trial court’s
judgment of conviction, reverse the judgment as to Appellant’s punishment, and remand
the cause to the trial court for new punishment proceedings consistent with this opinion.
 Background
          On February 15, 2006, Appellant was charged with driving while intoxicated, a Class
A misdemeanor. Prior to trial, Appellant filed with the judge a written sworn motion seeking
community supervision in the event of a conviction. In that motion, Appellant swore that
he had never previously been convicted of a felony in this or any other state. See Tex.
Code Crim. Proc. Ann. art. 42.12, §4(e) (Vernon Supp. 2008). 
          Trial
          At trial, Officer Jordan Gladmann of the Wolfforth Police Department was the sole
witness. Officer Gladmann testified that, on January 13, 2006, he was on patrol with lead
officer Sergeant James Baucum when they spotted Appellant’s pick-up truck at a four-way
stop. As Appellant passed their patrol car, Officer Gladmann turned around in his seat and
observed that the truck’s tag lamp lacked illumination and Appellant’s rear license plate
was illegible at a distance of fifty feet. Officer Gladmann advised Sergeant Baucum of his
observations and Sergeant Baucum confirmed the violation. The officers made a u-turn,
activated their overhead lights, and initiated a traffic stop.
          When Officer Gladmann encountered Appellant, he could smell a very strong odor
of alcohol emanating from inside the truck. When he advised Appellant that the purpose
of the stop was a defective tag lamp, Appellant admitted his truck was having electrical
problems and that the tag lamp was defective. However, upon closer inspection by
Sergeant Baucum, it was discovered that, although the lamp was illuminated, it was
covered with dirt and road grime. 
          During the stop, Appellant was not steady on his feet, his speech was slurred, and
he appeared disoriented while searching for his driver’s license. The officers administered
two field sobriety tests. Appellant exhibited seven of eight indicators of intoxication on the
“walk & turn” test and three of four indicators on the “one leg stand” test. Appellant refused
a breathalyser test. Based upon the information gathered, Appellant was arrested for DWI. 
Following his arrest, Appellant’s truck was searched. During the search, officers found an
open bottle of whiskey, a half empty cold can of beer, drug paraphernalia, and the burnt
residue of a marihuana cigarette in the ashtray.
          Prior to the jury being charged, Appellant asserted there was a fact issue whether
the officers’ traffic stop was valid and sought a jury instruction stating, in pertinent part:
You are instructed that under our law no evidence obtained or derived by an
officer or other person as a result of an unlawful stop of an accused motor
vehicle shall be admissible in evidence against such accused. An officer is
permitted, however, to make a temporary investigative detention of the
motorist if the officer has reasonable suspicion if some activity out of the
ordinary is occurring or has occurred, that the person detained is connected
with such activity, and that there is some indication that the activity is related
to a crime or a criminal offense. Now, bearing in mind these instructions, if
you find from the evidence . . . .
 
          The trial court denied Appellant’s requested instruction. Thereafter, the jury found
Appellant guilty of DWI.
          Punishment Phase
          During the punishment phase, Appellant asserted he had never previously been
convicted of a felony in Texas, or any other state in the United States, and requested an
instruction regarding the possibility of community supervision. The State asserted that
Appellant had been convicted of the third-degree felony of burglary of a motor vehicle in
1989. The trial court overruled Appellant’s request. Thereafter, the jury sentenced
Appellant to confinement for one hundred eighty-two days in the Lubbock County Jail. This
appeal followed.
Discussion
          Appellant contends the trial court should have issued his proposed instruction
permitting the jury to decide whether the officers lawfully stopped his truck, i.e., did the
officers have reasonable suspicion to make the traffic stop? In support, Appellant
contends there was a fact issue whether the tag lamp on his truck was operating prior to
the traffic stop. He also asserts the trial court erred in its determination that he had been
convicted of a felony in 1989 and improperly denied him an instruction on the availability
of community supervision. 
          The State asserts there was no fact issue at trial whether Appellant’s tag lamp was
legally operable prior to the traffic stop and concedes error on Appellant’s second issue
acknowledging that, although Appellant pled guilty to a felony in 1989, the trial court
adjudged and punished his crime as a Class A misdemeanor under section 12.44(a) of the
Texas Penal Code. 
Standard of Review
          In analyzing a jury-charge issue, we first determine if error occurred and, if so, we
conduct a harm analysis. Ngo v. State, 175 S.W.3d 738, 743 Tex.Crim.App. 2005). The
degree of harm required for reversal depends on whether an appellant has preserved error
by objection. Id. A jury-charge error requires reversal when, after proper objection, the
appellant suffers “some harm” to his rights. Id.; Almanza v. State, 686 S.W.2d 157, 174
(Tex.Crim.App. 1985) (op. on reh’g), reaffirmed, Middleton v. State, 125 S.W.3d 450, 453
(Tex.Crim.App. 2003). 
 
          Article 38.23 Instruction
          Article 38.23 of the Code of Criminal Procedure prohibits the admission of evidence
against an accused in a criminal trial if the evidence was obtained in violation of the Texas
or United States Constitutions or state laws. See Tex. Code Crim. Proc. Ann. art. 38.23(a)
(Vernon 2005).


 Prior to the submission of a jury instruction under article 38.23, the
defendant must meet the following three requirements:
(1) the evidence heard by the jury must raise an issue of fact;
(2) the evidence on that fact must be affirmatively contested; and
(3) that contested factual issue must be material to the lawfulness of the
challenged conduct in obtaining the evidence. 
 
See art. 38.23(a); Oursbourn v. State, 259 S.W.3d 159, 177 (Tex.Crim.App. 2008); 
Madden v. State, 242 S.W.3d 504, 510 (Tex.Crim.App. 2007).
          As to the first requirement, Appellant maintains that there was a fact issue as to
whether or not his tail lamp sufficiently illuminated the rear license plate so as to be clearly
legible from fifty feet. In that regard, Officer Gladmann consistently testified that
Appellant’s tag lamp did not illuminate his rear license plate sufficiently to be legible fifty
feet away. Section 547.322(f) of the Texas Transportation Code requires that vehicles
have a tail lamp or separate lamp constructed and mounted to emit a white light that: (1)
“illuminates the rear license plate,” and (2) “makes the plate clearly legible at a distance
of 50 feet from the rear.” Tex. Transp. Code Ann. § 547.322(f) (Vernon 1999). Whether
or not the lamp itself was operable is of no consequence so long as the officers stopped
Appellant because there was insufficient illumination for the tag to be seen fifty feet away. 
Officer Gladmann’s testimony in that respect was undisputed. See Madden, 242 S.W.3d
at 517-18. As such, Appellant failed to raise a fact issue material to the lawfulness of the
challenged conduct in obtaining the evidence. Issue one is overruled.
          Community Supervision Instruction
          Article 42.12 of the Texas Code of Criminal Procedure permits a jury to recommend
to a judge that he or she suspend the imposition of a sentence and place the defendant
on community service. Tex. Code Crim. Proc. Ann. art. 42.12, § 4(a) (Vernon Supp. 2008). 
Pursuant to article 42.12, § 4(e), Appellant asserted eligibility for the jury’s recommendation
by filing a written, sworn motion prior to trial indicating that he had not previously been
convicted of a felony in this state or any other state.
          In 1988, Appellant had been charged with the third-degree felony of burglary of a
motor vehicle. However, in March of 1989, Appellant reached a plea agreement whereby
the district attorney agreed to reduce Appellant’s punishment to a misdemeanor in
exchange for a statement. Subsequently, Appellant pled guilty to the third-degree felony
and the trial court determined that the circumstances of Appellant’s case fell within the
purview of section 12.44(a) of the Texas Penal Code.


 Thereafter, the trial court entered
a conviction of guilt for a Class A misdemeanor and punished Appellant accordingly. 
          During the punishment phase of this case, the State opposed Appellant’s request
for an instruction regarding community supervision asserting that Appellant had been
convicted of the third-degree felony of burglary of a motor vehicle in 1989. The trial court
overruled Appellant’s request. The State now confesses error. Having reviewed the
judgment issued March 1, 1989, by the 72nd District Court of Lubbock County, in
proceedings regarding the charge of felony burglary of a motor vehicle, we agree that “a
conviction of guilt for a Class A Misdemeanor [was] entered.” Appellant’s second issue is
sustained.
          Harm Analysis
          Because Appellant did object to the trial court’s refusal to instruct the jury as to
Appellant’s eligibility for community supervision, we must analyze the error from a “some
harm” perspective. Eligibility for community supervision is a valuable right and the issue
should be submitted to the jury whenever the record reasonably supports the request. 
Thompson v. State, 604 S.W.2d 180 (Tex.Crim.App. 1980). The trial court’s denial of this
statutory right deprived the jury of the opportunity to even consider granting Appellant
community supervision, thereby certainly causing him some harm. 
Conclusion
          Accordingly, we affirm the judgment of conviction, reverse the judgment as to
punishment, and remand the cause to the trial court for new punishment proceedings
consistent with this opinion. 
 
                                                                           Patrick A. Pirtle 

                                                                                 Justice



Do not publish