**Opinion issued December 28, 2018**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

NO. 01-16-00420-CV

—————————————

**TEXAS EDUCATION AGENCY, Appellant**

**V.**

**S.E.H., Appellee**

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 15-DCV-227070

**CONCURRING OPINION ON EN BANC RECONSIDERATION**

The question presented is whether S.E.H. satisfies the statutory requirements for expunction. I conclude that he does, and I join the majority opinion. I write separately to elaborate on my reasons for reaching that conclusion.

Texas's expunction statute identifies discrete exceptions to the general rule that records are not erased. As relevant here, article 55.01 creates an "entitle[ment]" to expunction of records relating to an arrest if the "the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense," provided that the person's indictment was dismissed as void, dismissed for lack of probable cause, or one of several other conditions was met. TEX. CODE CRIM. PROC. art. 55.01(a), (a)(2).

It is undisputed that S.E.H. meets most of the expunction requirements. The question here is whether, under Chapter 55 of the Code of Criminal Procedure—titled "Expunction of *Criminal* Records"—"there was no court-ordered community supervision . . . *for the offense*" charged under Texas Penal Code section 33.021(b).[1] *Id.* (emphasis added). We cannot answer this question without addressing the fact

---

[1] "Offense" means "crime" or a violation or infraction of law. BLACK'S LAW DICTIONARY (10th ed. 2014); *see also* WEBSTER'S NEW COLLEGIATE DICTIONARY 790 (Henry Bosley Woolf ed., 1981). "Was" is the past tense of the verb to be, which in turn means (among other things) to exist. *See* WEBSTER'S NEW COLLEGIATE DICTIONARY at 95; *accord* MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/was (last visited Dec. 17, 2018). And under article 42A, "'[c]ommunity supervision' means the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which: (A) criminal proceedings are deferred without an adjudication of guilt; or (B) a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part." TEX. CODE CRIM. PROC. art. 42A.001(1).

that section 33.021(b) was held facially unconstitutional. *See Ex parte Lo*, 424 S.W.3d 10, 20 (Tex. Crim. App. 2013) (holding section 33.021(b) unconstitutional). That is because the sole community supervision order in this case was for "an offense" charged under section 33.021(b).

Binding precedent is clear that "an unconstitutional statute is void from its inception." *Smith v. State*, 463 S.W.3d 890, 895 (Tex. Crim. App. 2015) (quoting *Reyes v. State*, 753 S.W.2d 382, 383 (Tex. Crim. App. 1988)). "[W]hen a statute is adjudged to be unconstitutional, it is as if it had never been." *Id.*; *see also Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 759–61, 115 S. Ct. 1745, 1752 (1995) (Scalia, J., concurring) ("[W]hat a court does with regard to an unconstitutional law is simply to *ignore* it. It decides the case '*disregarding the [unconstitutional] law*,' *Marbury v. Madison*, 1 Cranch 137, 178, 2 L.Ed. 60 (1803) (emphasis added), because a law repugnant to the Constitution 'is void, and is as no law.'") (citation omitted).

Because "an unconstitutional [criminal] statute . . . [is] no statute at all," an "offense" charged under the statute is no offense at all. *See Reyes*, 753 S.W.2d at 383–84. Court-ordered punishment under an unconstitutional statute is likewise void. *Id.* ("Since an unconstitutional law is void, the general principles follow that it imposes no duties, confers no rights, creates no office, bestows no power or authority on anyone, affords no protection, and justifies no acts performed under it.") (citation

3

omitted); *see also Ex parte Siebold*, 100 U.S. 371, 376 (1879) ("An unconstitutional law is void, and is as no law. An offence created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void . . . ."); *accord Montgomery v. Louisiana*, 136 S. Ct. 718, 730–31 (2016).

Where, for instance, a "judgment imposing probation [is] void, then the trial court would have no authority to revoke [the] probatio[n], since, with no judgment imposing probation (because it is a nullity), there is nothing to revoke." *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001); *see also Martinez v. State*, 194 S.W.3d 699, 701 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (same).

In a case like this one, it is as if the "offense" and court-ordered community supervision "for th[at] offense" did not legally exist. *See Reyes*, 753 S.W.2d at 383–84; *see also Ex parte Siebold*, 100 U.S. at 376; *Ex parte C.D.*, No. 12-17-00309, 2018 WL 3569838, *3 (Tex. App.—Tyler July 25, 2018, pet. filed) (mem. op.) ("[T]he statute under which C.D. was arrested has been declared unconstitutional, and, as a result, it is as if C.D.'s arrest never occurred."); *In re N.G.*, – N.E.3d –, 2018 IL 121939, 2018 WL 6598821, at *7 (Ill. Dec. 17, 2018) ("To hold that a statute is facially unconstitutional means that the conduct it proscribed was beyond the

power of the state to punish . . . . That being the case, the conviction must be treated by the courts as if it did not exist . . . .") (citations omitted).[2]

For these reasons, S.E.H. satisfies the expunction statute's plain terms. S.E.H. has met his burden of showing, as a matter of law, that "there was no court-ordered community supervision under Chapter 42A *for the offense.*" *See* TEX. CODE CRIM. PROC. art. 55.01(a) (emphasis added). Section 33.021(b)'s unconstitutionality renders the "offense" (i.e. crime) and "court-ordered" punishment thereunder legally void.[3] There was "no judgment imposing [community supervision] (because it is a

---

[2] It is not uncommon for courts to indulge a legal fiction or disregard certain evidence when required by law. For instance, courts hold that "evidence is legally insufficient to support a jury finding when . . . the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact . . . ." *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018); *City of Keller v. Wilson*, 168 S.W.3d 802, 810–12 (Tex. 2005).

[3] Notably, the Legislature expressly included a void indictment as one of the limited circumstances in which expunction could be warranted. Unless prosecution is no longer possible, an individual who has not been pardoned or acquitted and seeks expunction must demonstrate (in addition to other necessary showings) that (1) an indictment has not been presented and other conditions are met or (2) if the indictment has been presented, it was dismissed or quashed because:

(a) the person completed a specified "veterans treatment court program";
(b) the person completed a "pretrial intervention program authorized under Section 76.011";
(c) "the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense"; or
(d) "*the indictment or information was void.*"

TEX. CODE CRIM. PROC. art. 55.01(a)(2)(A)(ii) (emphasis added). Section 33.021(b)'s unconstitutionality renders void any indictment under it, just as it

---

nullity)." *Nix*, 65 S.W. 3d at 667–68. The dissent's conclusion that S.E.H. served court-ordered community supervision as a matter of historical fact does not account for the legal effect of section 33.021(b)'s unconstitutionality.

Two of our sister courts recently addressed closely analogous questions and reached the same conclusion, permitting expunction when the statute under which a person was convicted was later declared unconstitutional. *See Ex parte E.H.*, – S.W.3d –, No. 02-17-00419-CV, 2018 WL 4050556, at *7 (Tex. App.—Fort Worth Aug. 16, 2018, pet. filed); *C.D.*, 2018 WL 3569838, at *3. Similarly, in *Thompson v. State*, 604 S.W.2d 180, 181–82 (Tex. Crim. App. 1980), the Court of Criminal Appeals held that a prior void conviction did not foreclose a jury from recommending probation, when the relevant statute allowed probation only if the defendant had never been "convicted." As the court explained, "[i]t is axiomatic that the conviction must . . . be a valid conviction." *Id*; *see also State v. Marshall*, 60 Ohio App. 2d 371, 371–73, 397 N.E.2d 777, 778–79 (1st Dist. 1979) (expunction statute's exclusion of all but first offenders did not preclude expunction where appellant's prior conviction was under an unconstitutional statute).

The question before us is not whether the Legislature could have foreclosed expunction even if one's punishment was ordered under an unconstitutional statute.

---

renders void any court-ordered punishment. *See Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001).

Texas law says that expunction is not a right; it is a statutory privilege that the Legislature has created and could remove entirely. *In re State Bar of Texas*, 440 S.W.3d 621, 624 (Tex. 2014). And of course, the fact that one actually served community supervision, although under a void statute, might be probative of certain facts, such as where the individual was at a particular time. But article 55.01(a)'s text provides no basis to deprive S.E.H. of a statutory privilege to which he would be entitled but for legally nonexistent community supervision for a void offense.

Because S.E.H. satisfies article 55.01(a)'s plain terms, he is entitled to expunction.


Jennifer Caughey
Justice

The en banc court consists of Chief Justice Radack and Justices Jennings, Keyes, Higley, Bland, Massengale, Brown, Lloyd, and Caughey.

Justice Massengale writing for the majority of the en banc court, joined by Chief Justice Radack and Justices Keyes, Higley, Bland, Brown, and Caughey.

Justice Jennings, concurring in the judgment, joined by Justice Higley.

Justice Caughey, concurring, joined by Justices Keyes and Brown.

Justice Lloyd, dissenting.

7