[Cite as *State v. Cain*, 2024-Ohio-2969.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-11-016 |
| | : | O P I N I O N |
| - vs - | | 8/5/2024 |
| | : | |
| CHRISTOPHER W. CAIN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. 2000CR-05-030

Nick Adkins, Madison County Prosecuting Attorney, and Rachel M. Price and Michael S. Klamo, Assistant Prosecuting Attorneys, for appellee.

Joan Sahl, for appellee.

**M. POWELL, J.**

{¶ 1} Appellant, Christopher Cain, appeals a decision of the Madison County Court of Common Pleas denying his application to seal his pardoned conviction.[1]

{¶ 2} Appellant was indicted in May 2000 for aggravated arson in violation of R.C.

---

1. We are disappointed and dismayed by the state's choice not to attend oral arguments.

2909.02(A)(2). He subsequently pled no contest to one count of third-degree felony attempted aggravated arson and the trial court found him guilty on September 20, 2000. On June 8, 2021, Ohio Governor Mike DeWine granted appellant an unconditional pardon for his attempted aggravated arson conviction.

{¶ 3} On August 18, 2023, appellant filed an application to seal his pardoned conviction pursuant to R.C. 2953.33(A)(3). The state filed an objection to the sealing of the record, and a hearing was held on appellant's application. On October 25, 2023, the trial court denied appellant's application to seal his pardoned conviction. In doing so, the trial court relied upon R.C. 2953.32(A)(1)(b), which provides that "[R.C.] 2953.32 to 2953.34 do not apply to . . . [c]onvictions of a felony offense of violence that is not a sexually oriented offense." Because attempted aggravated arson is an offense of violence under R.C. 2901.01(A)(9)(a) and (d) and is not a sexually oriented offense, the trial court reasoned that appellant was not entitled to seal his pardoned conviction under R.C. 2953.33.

{¶ 4} Appellant now appeals, raising one assignment of error:

{¶ 5} THE TRIAL COURT ERRED BY DENYING MR. CAIN'S MOTION TO SEAL HIS PARDONED CONVICTION.

{¶ 6} The sealing of court records in a criminal case is an act of grace created by the state. *State v. Boykin*, 2013-Ohio-4582, ¶ 11. It should be granted only when all the requirements for eligibility are met, because it is a privilege, not a right. *Id.*

{¶ 7} As relevant to this appeal, two statutes govern the sealing of court records in criminal cases: R.C 2953.32 governs the sealing of an individual's court records of a criminal conviction; RC 2953.33 governs the sealing of the court records of an individual who has been found not guilty, who had a criminal complaint, indictment, or information dismissed, against whom a grand jury has returned a no bill, and since April 4, 2023,

whose conviction has been pardoned.

{¶ 8} Prior to 2023, R.C. 2953.31 through 2953.38 governed the sealing of court records of a criminal conviction. R.C. 2953.36 provided that "sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following" and then listed the convictions that precluded sealing. One such conviction was one for an offense of violence. *See* former R.C. 2953.36(A)(4). In turn, R.C. 2953.52 governed the sealing of court records after a not guilty finding, a dismissal of proceedings, or a no bill by a grand jury. R.C. 2953.52 was located in a separate subchapter. The exclusions of R.C. 2953.36 clearly did not apply to R.C. 2953.52.

{¶ 9} In April 2023, the legislature amended the Ohio Sealing Law in R.C. Chapter 2953. The legislature modified and reorganized the preexisting statutory provisions regarding the sealing of court records of criminal convictions and the sealing of court records after a not guilty finding, a dismissal of proceedings, or a no bill by a grand jury. The legislature also added a provision allowing the sealing of an individual's court records when the individual is convicted of an offense and subsequently receives a pardon.[2]

{¶ 10} R.C. 2953.32 continues to govern the sealing of court records of criminal convictions. However, the statutory provision prohibiting specific convictions from being sealed was relocated from R.C. 2953.36 to R.C. 2953.32(A). Likewise, the statutory provision governing the sealing of court records after a not guilty finding, a dismissal of proceedings, or a no bill by a grand jury was renumbered from R.C. 2953.52 to R.C. 2953.33, with the addition of a provision allowing the sealing of pardoned convictions in R.C. 2953.33(A)(3).

---

2. In HB100, effective September 30, 2021, the legislature enacted R.C. 2967.04(C) which allows the governor, in the case of an unconditional pardon, to provide for the sealing of the records related to the conviction as a condition of the pardon. R.C. 2967.04(C) does not apply to appellant because he was pardoned before September 2021.

{¶ 11} As was the case before 2023, a trial court must hold a hearing on a sealing application, must determine under either R.C. 2953.32 or 2953.33 if the prosecutor filed an objection to a sealing application and, if so, must consider the prosecutor's objections. R.C. 2953.32(C) and 2953.33(B). Under both statutory provisions, the court must also weigh the applicant's interests in having the records sealed against the legitimate needs, if any, of the government to maintain the records. R.C. 2953.32(D) and 2953.33(B).

{¶ 12} This appeal deals with the intersection of R.C. 2953.32(A)(1)(b) and 2953.33(A)(3). R.C. 2953.32(A)(1)(b) provides, "Sections 2953.32 to 2953.34 of the Revised Code do not apply to . . . [c]onvictions of a felony offense of violence that is not a sexually oriented offense." R.C. 2953.33(A)(3) provides,

> Any person who is granted by the governor under division (B) of section 2967.02 of the Revised Code an absolute and entire pardon, a partial pardon, or a pardon upon conditions precedent or subsequent may apply to the court for an order to seal the person's official records in the case in which the person was convicted of the offense for which any of those types of pardons are granted. The application may be filed at any time after an absolute and entire pardon or a partial pardon is granted or at any time after all of the conditions precedent or subsequent to the pardon are met.

{¶ 13} The effect of a governor's pardon is a significant aspect of construing the interplay of R.C. 2953.32(A)(1)(b) and 2953.33(A)(3). R.C. 2967.04(B) provides that "[a]n unconditional pardon relieves the person to whom it is granted of all disabilities arising out of the conviction or convictions from which it is granted." "[A]lthough a pardon grants the recipient relief from any ongoing punishment for the offense and prevents any future legal disability based on that offense, it does not erase the past conduct. In other words, what's done is done." *Boykin*, 2013-Ohio-4582 at ¶ 27. Thus, a pardoned conviction retains its character as a conviction for purposes of the sealing statutes.

{¶ 14} Appellant argues the trial court erred by denying his application to seal his

pardoned conviction on the basis of R.C. 2953.32(A)(1)(b) because the sealing of the records of a pardoned conviction under R.C. 2953.33(A)(3) is not subject to "the eligibility requirements of R.C. 2953.32." Stated otherwise, appellant contends that the only eligibility requirement for sealing records under R.C. 2953.33(A)(3) is that the applicant was granted a pardon for the conviction. Citing R.C. 1.51, appellant further asserts that if the two statutory provisions are in conflict, R.C. 2953.33(A)(3), a special statute, prevails over R.C. 2953.32, a general statute. R.C. 1.51 provides that

> If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

{¶ 15} "Under the applicable rule of statutory construction, all statutes relating to the same general subject matter must be read *in pari materia*." *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622, 1999-Ohio-213. "Further, in interpreting related and co-existing statutes, [the court] must harmonize and accord full application to each of these statutes unless they are irreconcilable and in hopeless conflict." *Id.* In cases of statutory construction, the court's "paramount concern is the legislative intent in enacting the statute." *Boley v. Goodyear Tire & Rubber Co.*, 2010-Ohio-2550, ¶ 20. To determine intent, the court looks to the language of the statute and the purpose that is to be accomplished by the statute and evaluate the statute as a whole and give such interpretation as will give effect to every word and clause in it. *Id.* at ¶ 20-21. When the meaning of a statute is clear and unambiguous, the court applies the statute as written. *Id.* at ¶ 20.

{¶ 16} At the outset, we reject appellant's argument that R.C. 2953.32(A)(1) is a general statute and R.C. 2953.33(A)(3) is a special statute. On the contrary, R.C.

2953.33(A)(3) is a general statute and R.C. 2953.32(A)(1) is a special statute. R.C. 2953.33(A)(3) applies to the sealing of records of a pardoned conviction without particularizing the convictions to which it applies. "The common meaning of 'general' is that which is 'universal, not particularized, as opposed to special.'" *State v. Conyers*, 87 Ohio St.3d 246, 250, 1999-Ohio-60, quoting *Black's Law Dictionary* (6th Ed. 1990). In contrast, R.C. 2953.32(A)(1) specifies convictions that are ineligible for sealing and operates as an exception to the R.C. 2953.33(A)(3) general right to have pardoned convictions sealed. R.C. 2953.32(A)(1) and 2953.33(A)(3) comprise separate aspects of Ohio's criminal records sealing scheme and should be applied coextensively.

{¶ 17} Even if, as appellant contends, R.C. 2953.32(A)(1) is construed as a general statute and R.C. 2953.33(A)(3) is construed as a special statute, R.C. 1.51 does not mandate that R.C. 2953.33(A)(3) be construed as providing an absolute right to the sealing of records of pardoned convictions.[3] R.C. 1.51 applies only in instances where the general and special provisions are in irreconcilable conflict. *West v. Bode*, 2020-Ohio-5473, ¶ 13 ("A specific statutory provision will prevail over a general one only when the provisions irreconcilably conflict"). Absent an irreconcilable conflict, "the statutory construction rule in R.C. 1.51 does not apply" and "special and general provisions should be construed so as to give effect to both provisions." *State v. Knox*, 102 Ohio App.3d 147, 149 (9th Dist. 1995); *Mechanical Contractors Assn. v. State*, 64 Ohio St.2d 192, 196 (1980).

{¶ 18} R.C. 2953.32(A)(1) and 2953.33(A)(3) are not in irreconcilable conflict as to invoke application of R.C. 1.51. Applying the exclusions listed in R.C. 2953.32(A)(1) does

---

3. Based upon our conclusion that R.C. 2953.33(A)(3) is a general statute, even if, arguendo, R.C. 2953.32(A)(1) was construed as a general statute, R.C. 1.51 would be inapplicable here. *State v. Chippendale*, 52 Ohio St.3d 118, 120 (1990) (R.C. 1.51 is inapplicable if both statutes are general).

not prevent relief under R.C. 2953.33(A)(3). On the contrary, an applicant retains the right to apply for the sealing of the records of pardoned convictions that are not excluded by R.C. 2953.32(A)(1). Conversely, if we adopt appellant's argument, then the language in R.C. 2953.32(A)(1) that R.C. 2953.33 is inapplicable to the sealing of the records of the listed convictions is rendered inert as to R.C. 2953.33(A)(3). By the same token, any apparent conflict between R.C. 2953.32(A)(1) and 2953.33(A)(3) may be reconciled by construing these statutes as authorizing the sealing of pardoned convictions not excluded by R.C. 2953.32(A)(1).

{¶ 19} Moreover, R.C. 2953.32(A)(1) plainly provides that an applicant may not resort to R.C. 2953.33 for the sealing of the records of certain convictions. Unlike R.C. 2967.04(C), which provides for the sealing of records as a condition of a gubernatorial pardon "as if the records related to an offense that is eligible to be sealed," R.C. 2953.33(A)(3) does not exempt itself from the operation of R.C. 2953.32(A)(1). On the contrary, to find that R.C. 2953.33(A)(3) is exempt from the operation of R.C. 2953.32(A)(1) would require that we imply such an exemption from the statutory language. Just as it did with R.C. 2967.04(C), the legislature could have exempted R.C. 2953.33(A)(3) from the operation of R.C. 2953.32(A)(1). But the legislature did not do so, and we must presume that the omission is intentional. *State v. Radcliff*, 2015-Ohio-235, ¶ 25; *State v. G.K.*, 2022-Ohio-2858, ¶ 18. We therefore decline to find such exemption by implication.

{¶ 20} We now turn to appellant's argument that the sealing of the records of a pardoned conviction under R.C. 2953.33(A)(3) is not subject to "the eligibility requirements of R.C. 2953.32," and that the trial court improperly denied his application to seal his pardoned conviction pursuant to R.C. 2953.32(A)(1)(b).

{¶ 21} R.C. 2953.32(A)(1) provides that "Sections 2953.32 *to* 2953.34 of the

Revised Code do not apply to" convictions of various itemized offenses. (Emphasis added.) Plainly, R.C. 2953.33 is one of the statutes declared inapplicable to the sealing of records of the convictions listed in R.C. 2953.32(A)(1). One of the listed convictions is a "[c]onviction of a felony offense of violence that is not a sexually oriented offense." R.C. 2953.32(A)(1)(b). Appellant was pardoned for attempted aggravated arson. Such an offense is a third-degree felony offense, is not a sexually oriented offense as defined under R.C. 2950.01(A), and is an offense of violence under R.C. 2901.01(A)(9)(a) and (d). Accordingly, though pardoned, appellant's conviction for attempted aggravated arson may not be sealed. R.C. 2953.32(A)(1)(b).

{¶ 22} Despite the plain language of R.C. 2953.32(A)(1), appellant nonetheless asserts that the sealing of the records of a pardoned conviction under R.C. 2953.33(A)(3) is not subject to "the eligibility requirements of R.C. 2953.32" because the only eligibility requirement for sealing records under R.C. 2953.33(A)(3) is that the applicant was granted a pardon for the conviction.

{¶ 23} However, if R.C. 2953.33 began with the proviso that it did not apply to the convictions listed in R.C. 2953.32(A)(1), there would be no doubt that appellant's attempted aggravated arson conviction could not be sealed under R.C. 2953.33(A)(3). It makes no difference that exclusion of R.C. 2953.33 relief is found in the previous Revised Code section.

{¶ 24} In challenging the trial court's denial of his application for sealing, appellant also relies upon R.C. 1.11, which provides in part that "[r]emedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice." Appellant asserts that the trial court erred by failing to liberally construe R.C. 2953.33 to achieve its purpose of transitioning qualified offenders "into meaningful and productive roles." The Ohio Supreme Court has recognized that the

remedial statutory scheme for the sealing of criminal records "must be liberally construed to promote their purposes." *Rossi*, 86 Ohio St.3d at 622, citing *Baker v. State*, 62 Ohio St.2d 35 (1980). Citing R.C. 1.49(A), appellant further asserts that the trial court should have construed any ambiguity in R.C. 2953.33(A)(3) in his favor. "R.C. 1.49 proclaims that in construing ambiguous statutes the court may consider among other matters the object sought to be attained by the legislature." *State v. Marshall*, 60 Ohio App.2d 371, 373 (1st Dist. 1979). However, the trial court did not find that the eligibility language used in R.C. 2953.33(A)(3) was ambiguous. Moreover, neither R.C. 1.11 nor R.C. 1.49 mandate that clear statutory language, such as that contained in R.C. 2953.32(A)(1), be ignored.

{¶ 25} Appellant next asserts that the legislature intended to expand the rights of pardoned offenders to have their records sealed as evidenced by the September 2021 amendment of R.C. 2967.04. R.C. 2967.04(C) provides, "In the case of an unconditional pardon, the governor may include as a condition of the pardon that records related to the conviction be sealed as if the records are related to an offense that is eligible to be sealed." Appellant mischaracterizes R.C. 2967.04(C) as "an automatic sealing provision." R.C. 2967.04(C) does not provide for "the automatic sealing" of records in a pardon as evidenced by the legislature's choice of the term "may." Had the legislature intended that pardoned convictions be automatically sealed, it could have provided so. Instead, the legislature invested the governor with discretionary authority to include sealing of records as a condition of a pardon. Thus, the discretionary language of R.C. 2967.04(C), in conjunction with the ability to seek the sealing of a pardoned conviction under R.C. 2953.33(A)(3), suggests that the legislature intended that a pardoned offender's right to apply for the sealing of his records would be subject to the sealing statutes absent the inclusion of a provision for sealing in the pardon.

{¶ 26} Appellant next asserts that if the legislature had intended to limit the sealing of records of pardoned convictions to the eligibility provisions of R.C. 2953.32(A)(1), "there would have been no need to enact R.C. 2953.33(A)(3)." Citing R.C. 1.47(B) that in enacting R.C. 2953.33(A)(3) "it is presumed that the entire statute is intended to be effective," appellant asserts that limiting an offender's right to have the records of his pardoned conviction sealed by R.C. 2953.32(A)(1) renders R.C. 2953.33(A)(3) "meaningless and inoperative." However, applying the limitations in R.C. 2953.32(A)(1) to applications for the sealing of the records of a pardoned conviction does not render R.C. 2953.33(A)(3) meaningless and inoperative. First, not all convictions later pardoned are prohibited from being sealed. R.C. 2953.33(A)(3) still provides a means for the sealing of convictions not listed in R.C. 2953.32(A)(1). Second, R.C. 2953.33(A)(3) serves the important function of clarifying that a pardoned offender retains the right to seek to have his records judicially sealed in instances where the governor has declined to include the sealing of the records as a condition of the pardon.

{¶ 27} It is the role of the legislature to address the statutory scheme on sealing records, even in cases in which gubernatorial pardons are granted. *Radcliff*, 2015-Ohio-235 at ¶ 36. A pardon does not wipe the slate clean, and it is the legislature's role to determine if the slate is to be wiped clean for all pardoned crimes. *Id.* "Although the governor may have the power to issue a pardon, an entitlement to the sealing of court records is not an automatic result of that pardon, because the maintenance of judicial records is not within the governor's control." *Boykin*, 2013-Ohio-4582 at ¶ 31.

{¶ 28} R.C. 2953.32(A)(1) speaks for itself. By its plain language, R.C. 2953.32(A)(1) limits R.C. 2953.33 and bars application to seal records that are governed by R.C. 2953.33, including pardoned convictions under R.C. 2953.33(A)(3), if the applicant's conviction is one specifically listed in R.C. 2953.32(A)(1). Pursuant to R.C.

2953.32(A)(1)(b), the records of a pardoned conviction for an offense of violence cannot be sealed. When the legislature amended the sealing provisions of R.C. Chapter 2953 in 2023, it was certainly aware of the power of the pardon. It was within its purview to incorporate statutory provisions that required, or permitted, recipients of gubernatorial pardon to be eligible to have the records of any convictions sealed. But the legislature did not do so, and we must presume that its inclusion in R.C. 2953.32(A)(1) of the phrase "Sections 2953.32 to 2953.34 of the Revised Code do not apply to" specific convictions was intentional. *Radcliff* at ¶ 25, citing *Madjorous v. State*, 113 Ohio St. 427, 433 (1925). "[W]hen the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written." *State v. V.M.D.*, 2016-Ohio-8090, ¶ 16.

{¶ 29} In light of the foregoing, we find that the trial court did not err by denying appellant's application to seal his pardoned conviction of a felony offense of violence. An individual is not eligible for the sealing of the records of his pardoned conviction if the conviction is one listed in R.C. 2953.32(A)(1). Appellant's assignment of error is overruled.

{¶ 30} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.