[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Burroughs*, Slip Opinion No. 2022-Ohio-2146.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2146

THE STATE OF OHIO, APPELLEE, *v.* BURROUGHS, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Burroughs*, Slip Opinion No. 2022-Ohio-2146.]**

*Fourth Amendment—Warrantless search—Single-purpose-container exception to the warrant requirement applies only when the illegal nature of the contents of a package are readily apparent because of the distinctive characteristics of the package—Court of appeals' judgment reversed, conviction vacated, and cause remanded to the trial court.*

(No. 2020-1304—Submitted October 27, 2021—Decided June 28, 2022.)

APPEAL from the Court of Appeals for Marion County,

No. 9-19-91, 2020-Ohio-4417.

_____

**DEWINE, J.**

{¶ 1} While executing an arrest warrant, police discovered a closed bookbag with a plastic baggie stuck in its zipper.  Without obtaining a search

warrant, they opened the bookbag and discovered illegal drugs. The question for us is whether the warrantless search comports with the Fourth Amendment under the "single-purpose-container exception" to the warrant requirement. We hold that it does not. The exception applies only when the illegal nature of the contents of a package are readily apparent because of the distinctive characteristics of the package. A bookbag could hold a variety of items—some illegal, some not.

{¶ 2} Because there was no valid basis to search the bookbag without a warrant, the trial court erred in failing to grant a motion to suppress the evidence. The court of appeals held otherwise, so we reverse its judgment.

## I. Background

### A. *A warrantless search of a bookbag and a possession charge*

{¶ 3} Early on a January morning, Officer Chris Coburn knocked on Kennedy Burroughs's door. He and two other officers had come to arrest Burroughs for obstruction of justice. Eventually the door cracked open.

{¶ 4} When Officer Coburn told Burroughs he had a warrant for her arrest, she shut the door. Through the closed door, Burroughs implored the officer to give her a second. Officer Coburn refused, but when he turned the knob, he found that the door had been locked. He threatened to kick down the door; Burroughs answered that she was coming.

{¶ 5} Officer Coburn walked to a window and looked in. He saw Burroughs grab some baggies off a table and head toward the back of the house. Fearing that Burroughs was attempting to get rid of drugs, he kicked in the door and rushed into the house. In one bedroom, he found Burroughs and a teenager. On a plate beside the bed were marijuana-cigarette butts and residue. And on the floor of an attached bathroom, he found a closed bookbag with part of a plastic baggie caught in the zipper. Officer Coburn suspected that Burroughs had taken the bookbag into the bathroom to flush drugs. But believing that he needed a search warrant to open the bookbag, he left it zipped.

**{¶ 6}** Burroughs was placed under arrest and removed to the squad car; meanwhile officers questioned the teenager and conducted a protective sweep of the house. Another police officer, Lieutenant Mark Elliott, arrived on the scene and opened the bookbag, ostensibly to make sure it did not contain weapons. He found marijuana inside, leading to Burroughs being charged with illegal possession of drugs.

### B. Burroughs challenges the constitutionality of the search

**{¶ 7}** Burroughs moved to suppress the evidence, arguing that the warrantless search of the bookbag violated her right to be free from unreasonable searches under the Fourth Amendment. The trial court denied Burroughs's motion. It reasoned that the warrantless search was lawful because the bookbag was in plain view and the lieutenant had probable cause to suspect it contained contraband.

**{¶ 8}** On appeal, the Third District Court of Appeals rejected the trial court's reasoning but affirmed the judgment on other grounds. The court of appeals opined that the plain-view exception could justify only the seizure of the bookbag, not its search. 2020-Ohio-4417, 158 N.E.3d 699, ¶ 19. Nonetheless, it concluded that the search was justified based on the single-purpose-container exception to the warrant requirement. *Id.* at ¶ 26.

**{¶ 9}** Burroughs appealed to this court, and we accepted jurisdiction to decide the validity of the search.

## II. Analysis

### A. Absent exigent circumstances, the search of a closed container requires a warrant

**{¶ 10}** Burroughs argues that the search of a bookbag inside a home without a warrant is unreasonable absent exigent circumstances that were not present in her case. Burroughs does not argue that the officers' seizure of the bookbag was unlawful. Nor does she contend that the officers lacked probable cause to believe

that the bookbag contained marijuana. Instead, Burroughs argues that the officers should have obtained a search warrant before they opened the bookbag.

{¶ 11} In briefing to this court, Burroughs relies upon the Fourth Amendment to the United States Constitution, but she also references Article I, Section 14 of the Ohio Constitution. She fails, however, to make any argument based on the text, history, or tradition of the Ohio Constitution. Nor did Burroughs advance any argument below relating to the Ohio Constitution. Because Burroughs has failed to develop any argument under the Ohio Constitution, we are constrained to analyze this case under the Fourth Amendment only.

{¶ 12} The Fourth Amendment to the United States Constitution commands that the "right of the people to be secure in their * * * effects, against unreasonable searches * * * shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched * * *."

{¶ 13} It is the rule, not the exception, that police must obtain a warrant to conduct a search. *See Riley v. California*, 573 U.S. 373, 382, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014). The warrant requirement ensures that the lawfulness of a search is determined "by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson v. United States*, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948). "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Riley* at 382.

B. *The state argues that the single-purpose-container exception applies*

{¶ 14} The state contends that no warrant was required because the search fell under the single-purpose-container exception to the warrant requirement. That exception can be traced to a footnote in *Arkansas v. Sanders*, a United States Supreme Court case involving the warrantless search of luggage in a car based on an anonymous tip. 442 U.S. 753, 755, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979),

*abrogated by California v. Acevedo*, 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991); *see id.* at 764, fn. 13. When considering whether the search required a warrant, the Supreme Court observed that "some containers (for example a kit of burglar tools or a gun case) by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance." *Id.* at 764, fn. 13. Because the luggage in *Sanders* was not a single-purpose container of this sort, the court held that a warrant was required, *id.* at 766.

{¶ 15} The single-purpose-container exception is best understood as an offshoot of the plain-view doctrine. *See Robbins v. California*, 453 U.S. 420, 427, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981) (plurality) *overruled on other grounds*, *United States v. Ross*, 456 U.S. 798, 824, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Under the Fourth Amendment's plain-view doctrine, an officer may seize an object in plain view without a warrant if (1) the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be viewed, (2) the object's incriminating nature is immediately apparent, and (3) the officer has a right to access the object where it is located. *See Horton v. California*, 496 U.S. 128, 136-137, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). There is simply no reasonable expectation of privacy in the outward appearance of an object that has been left in plain view. *See id.* at 133.

{¶ 16} Ordinarily, when the requirements of the plain-view doctrine are satisfied, police may seize a closed container but must obtain a warrant to search the container. *See, e.g.*, *United States v. Place*, 462 U.S. 696, 701, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). The reason the police may seize, but not open, the closed container has to do with the two distinct interests protected by the Fourth Amendment—"the interest in retaining possession of property and the interest in maintaining personal privacy," *Texas v. Brown*, 460 U.S. 730, 747, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (Stevens, J., concurring in the judgment). When there is probable cause to believe that the closed container holds evidence of criminal

activity, the owner's interest in possession is outweighed by the risk that the contents may disappear or be put to their intended use before a warrant may be obtained, *see Place* at 701-702. Thus, police may seize the container. On the other hand, once the container has been seized, those risks disappear. There is no justification for allowing the officer to forego a warrant before opening the closed container. This limitation protects the owner's privacy interest.

{¶ 17} The single-purpose-container exception is premised on the notion that when "the distinctive configuration of a container proclaims its contents, the contents cannot fairly be said to have been removed from a searching officer's view," *Robbins* at 427. "The same would be true, of course, if the container were transparent, or otherwise clearly revealed its contents." *Id.* A warrant is unnecessary in such a case because the outward appearance of the container has already made evident the container's contents; there is no privacy interest left to protect. *See Sanders*, 442 U.S. at 764, 99 S.Ct. 2586, 61 L.Ed.2d 235, fn. 13.

{¶ 18} The single-purpose-container exception is a particularly narrow exception to the warrant requirement. Indeed, neither this court nor the United States Supreme Court has ever used the exception to authorize a warrantless search. While the court has made clear that there are circumstances in which the exception will apply, such are limited to only the rare, obvious case. *See Brown* at 750 (Stevens, J., concurring in the judgment); *see also Robbins*, 453 U.S. at 428-429, 101 S.Ct. 2841, 69 L.Ed.2d 744.

{¶ 19} To meet the requirements of the single-purpose-container exception, the container's contents must be sufficiently obvious that they could be said to be in plain view. *Robbins* at 427. In *Robbins*, officers found two packages wrapped in green opaque plastic in the recessed luggage compartment of a car; upon unwrapping the packages, they discovered marijuana. *Id.* at 422. In holding that the officers needed a warrant to search the packages, the court rejected the argument that the single-purpose-container exception applied. *Id.* at 427-428. The court

explained that to fall within that exception, "a container must so clearly announce its contents, whether by its distinctive configuration, its transparency, or otherwise, that its contents are obvious to an observer." *Id.* at 428.

{¶ 20} We are concerned with a bookbag, an object commonly used to carry a wide variety of items. As the name suggests, a bookbag may carry books. It may also carry lunch, private letters, or as Lieutenant Elliott ostensibly believed, weapons. The bookbag at issue is not transparent, it did not silhouette a distinctive shape, and its illicit contents could not be observed without opening it. The bookbag did have part of a baggie stuck in the zipper, but the visible part of the baggie was empty. It therefore announced only that the bookbag contained a baggie. Under these circumstances, the contents of the bookbag cannot be said to have been so obvious that they may as well have been in plain view.

{¶ 21} The state seeks to broaden the single-purpose-container exception beyond single-purpose containers to include situations in which, based on a totality of the circumstances, the contents of a container are a foregone conclusion. We cannot square such a far-reaching exception—one essentially allowing searches of containers based on a super-probable-cause showing—with traditional Fourth Amendment principles. To allow container searches based on a totality-of-the-circumstances test would, in essence, have the exception swallow the rule, enabling officers "to conduct warrantless searches of indistinct and innocuous containers based solely on probable cause derived from the officers' subjective knowledge and the circumstances," *United States v. Gust*, 405 F.3d 797, 802 (9th Cir.2005). A broad exception of this sort could not easily exist alongside the long-held principle that "no amount of probable cause can justify a warrantless search or seizure absent 'exigent circumstances,' " *Coolidge v. N.H.*, 403 U.S. 443, 468, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

{¶ 22} Thus, we see no reason to extend the single-purpose-container exception beyond its rationale: that when a container by its very nature makes its

contents clear, its owner has no expectation of privacy in those contents. When the container does not do so, a warrant is required. That's true, no matter how confident an officer is about what he thinks is inside.

**{¶ 23}** The single-purpose-container exception, as the name makes clear, applies to single-purpose containers. A bookbag is not a single-purpose drug container. Lacking an exigent circumstance, Lieutenant Elliott was required to obtain a warrant before searching the bookbag.

### III. Conclusion

**{¶ 24}** The single-purpose-container exception did not authorize the police to search Burroughs's bookbag. When police search a bookbag in a home under circumstances that do not give rise to any exigency, they must follow the command of the Fourth Amendment: get a warrant. The judgment of the court of appeals is reversed, Burroughs's conviction is vacated, and this case is remanded to the court of common pleas with instructions to enter judgment suppressing the evidence found in the bookbag.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and KENNEDY, FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————

Raymond A. Grogan Jr., Marion County Prosecuting Attorney, and Nathan R. Heiser, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Craig M. Jaquith, Assistant State Public Defender, for appellant.

————————