[Cite as *State v. Martin*, 2024-Ohio-10.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230236 |
| | | TRIAL NO. B-2104272 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| ANTWUAN MARTIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: January 5, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**BOCK, Judge.**

{¶1} Cincinnati police detectives involved in a gun-and-drug investigation intercepted a "jail call" made by the investigation's primary target. The target instructed the listener to remove contraband from a residence on Crestview Avenue in Hamilton County, Ohio ("the residence"). That day, officers watching the residence saw defendant-appellant Antwaun Martin leave the residence with a bookbag. After they stopped and searched Martin's vehicle, officers found a large quantity of marijuana in the bookbag and a gun in the vehicle. The trial court denied Martin's motion to suppress.

{¶2} Because we hold that the officers had probable cause to search Martin's vehicle, we affirm the trial court's judgment.

## I.    Facts and Procedure

{¶3} The state indicted Martin on four counts: trafficking in marijuana under R.C. 2925.03(A)(2), possession of marijuana under R.C. 2925.11(A), improperly handling firearms in a motor vehicle under R.C. 2923.16(B), and carrying concealed weapons under R.C. 2923.12(A)(2).

{¶4} Martin moved to suppress the drugs and gun that officers found when searching his vehicle, asserting (1) there was no evidence that Martin committed a traffic violation; (2) if there had been a traffic violation, officers lacked reasonable suspicion to search Martin and his vehicle; (3) if reasonable suspicion had been established, officers conducted a more intrusive search than is permitted under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); and (4) officers lacked probable cause to arrest Martin. Martin also moved to suppress statements, but the trial court granted that motion and his statements are not at issue in this appeal.

**The Suppression Hearing**

{¶5} The state presented Cincinnati Police Officers Pitts's and Schildemeyer's body-worn camera ("BWC") footage and Pitts's testimony.

{¶6} The BWC footage showed Martin's stopped car and officers exiting from their vehicles to approach Martin's vehicle. As Martin began to exit from the vehicle, Schildemeyer ordered him to stay in the car and put his hands on the driver-side door. Schildemeyer told Martin that he saw Martin make a turn without a signal.

{¶7} Martin admitted that he had a gun in the vehicle. Pitts took Martin to a cruiser to read him his *Miranda* rights. Another officer searched the inside of the vehicle and found a firearm, two jars of marijuana, and a red bookbag containing a third jar of marijuana and a scale.

{¶8} Pitts testified that he was a uniformed officer assisting with gun-and-drug investigations on the day of Martin's arrest. Plainclothes officers asked him to conduct a traffic stop on Martin. According to Pitts, Martin had received a jailhouse phone call from the primary target of a gun-and-drug investigation instructing Martin to remove contraband from the residence. On cross-examination, however, Pitts conceded that no one had told him who the primary target had called. Investigators told Pitts that they had observed Martin leave the residence with a backpack and get into a pickup truck. Other officers told Pitts that they observed Martin commit a traffic violation.

{¶9} When Pitts initiated the traffic stop, Martin was "a little slower to stop," and he began to exit from his vehicle after he stopped. Because this was a drug investigation and Martin attempted to exit from the vehicle, Pitts was concerned that

Martin may attempt to fight or run. Pitts testified that he immediately pulled Martin from the vehicle and handcuffed him "for our safety as well as his."

### The trial court denied Martin's motion to suppress evidence

{¶10} The trial court made the following factual findings: (1) the primary target of the drug-and-gun investigation called Martin from jail and instructed him to remove contraband from the residence; (2) detectives who were surveilling the residence saw Martin exit from it carrying a backpack; (3) the detectives who observed Martin leave the residence relayed the information about the jail call and Martin's movements to Pitts; and (4) Pitts ran Martin's license plate in reliance on this information to verify that he was stopping the correct person.

{¶11} The trial court determined that Pitts had probable cause to search Martin's car. It found that Pitts's concern about his and others' safety based on his suspicion that Martin had guns was valid because Pitts had learned that the investigation involved drugs and guns, Martin was slow to pull over his vehicle, and Martin immediately began to exit from the vehicle after he was stopped. The trial court concluded that the stop was supported by probable cause and denied Martin's motion to suppress the evidence found in the vehicle, the marijuana and the gun.

{¶12} Martin entered a no-contest plea. The trial court sentenced him to three years of community control. Martin has appealed.

## II.    Law and Analysis

{¶13} Martin assigns two errors, asserting that the trial court should have suppressed the evidence found in his vehicle and should have merged allied offenses of similar import.

4

## A. **The trial court properly overruled Martin's motion to suppress the physical evidence**

{¶14}   Martin's first assignment of error argues that the trial court erroneously denied his motion to suppress. Appellate review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. *State v. Madden*, 1st Dist. Hamilton No. C-210537, 2022-Ohio-2638, ¶ 3. We must accept the trial court's findings of fact as true if they are supported by competent, credible evidence. *Id.* This court then independently determines whether the facts satisfy the applicable legal standard. *Id.* Therefore, this court conducts a de novo review of the trial court's application of those facts to the law. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.

{¶15}   Martin argues that the officers lacked reasonable suspicion to justify the traffic stop. He argues that the officers improperly ordered him out of the vehicle and arrested him. And he asserts that even if the stop of his vehicle had been valid, officers lacked probable cause to search his vehicle.

### 1.   Probable-cause standard

{¶16}   "[W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle." *City of Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12, 665 N.E.2d 1091 (1996). Because probable cause is a higher standard than reasonable suspicion, police officers who have probable cause "necessarily ha[ve] a reasonable suspicion that a person has committed a crime." *State v. Haynes,* 1st Dist. Hamilton No. C-140205, 2015-Ohio-3432, ¶ 20.

**{¶17}** Probable cause is an objective standard. *Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004). An officer has probable cause when the officer possesses "objective facts that would justify the issuance of a warrant by a magistrate." *State v. Curry*, 1st Dist. Hamilton No. C-210274, 2022-Ohio-627, ¶ 20. Establishing probable cause does not require an actual showing of illegal activity; rather, it "requires only a probability or substantial chance of criminal activity." *State v. Thorton*, 1st Dist. Hamilton Nos. C-170586 and C-170587, 2018-Ohio-2960, ¶ 21, quoting *Illinois v. Gates*, 462 U.S. 213, 243, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), fn. 13.

**{¶18}** A court may consider "the collective knowledge of police officers involved in a common investigation" when ruling on a motion to suppress. *State v. Houston*, 1st Dist. Hamilton No. C-190598, 2020-Ohio-5421, ¶ 62. When a police-radio broadcast provides a law-enforcement officer with information that creates reasonable grounds to believe a crime was committed, the officer has probable cause to make an arrest. *Id.*

2. Probable cause supported Pitts's stopping Martin's vehicle

**{¶19}** Martin argues that Pitts lacked reasonable suspicion to stop Martin's car, pointing to Pitts's inability to remember certain facts leading to Martin's arrest and questioning Pitts's credibility involving whether an officer observed Martin commit a traffic violation.

**{¶20}** The trial court found that this was an investigatory stop and cited the information shared between officers via police radio and telephonic communications before the stop. It found that officers had told Pitts that the primary target of the drug-and-gun investigation had called Martin from jail and instructed him to retrieve

6

contraband from the residence, that they had been watching the residence, and that they saw Martin exit from the residence with a backpack before leaving in his vehicle.

{¶21} The trial court's factual findings are supported by competent, credible evidence. And we hold that these factual findings establish probable cause for Pitts to have believed that Martin committed a criminal offense, which justified Pitts's stopping Martin's car. Stopping Martin's car did not violate his Fourth Amendment rights.

### 3. The automobile exception to the warrant requirement permitted officers to search Martin's vehicle

{¶22} The United States and Ohio Constitutions prohibit unreasonable searches and seizures. *Maryland v. Pringle*, 540 U.S. 366, 369, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003); *State v. Ward*, 2017-Ohio-8141, 98 N.E.3d 1257, ¶ 13 (1st Dist.). A court determines whether a search was reasonable by examining the totality of the circumstances. *Ward* at ¶ 14. Such determinations depend on the facts and circumstances of each case. *Id*. The state bears the burden of establishing the validity of a warrantless search. *State v. Banks-Harvey*, 152 Ohio St.3d 368, 2018-Ohio-201, 96 N.E.3d 262, ¶ 18.

{¶23} "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *State v. Burroughs*, 169 Ohio St.3d 79, 2022-Ohio-2146, 202 N.E.3d 611, ¶ 13, quoting *Riley v. California*, 573 U.S. 373, 382, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014). The automobile exception permits law-enforcement officers to perform a warrantless search of a vehicle "when they have probable cause to believe the vehicle contains evidence of illegal activity." *State v. Jackson*, 171 Ohio St.3d 412, 2022-Ohio-4365, 218 N.E.3d 790, ¶ 28. Therefore, the state must establish that the officer had "probable cause to believe that the vehicle

7

contains contraband or other evidence that is subject to seizure, and exigent circumstances necessitate a search or seizure." *State v. Mills*, 62 Ohio St.3d 357, 367, 582 N.E.2d 972 (1992).

{¶24} Warrantless vehicle searches have been held to be reasonable given the mobility of vehicles, which " 'can be quickly moved out of the locality or jurisdiction * * *.' " *State v. Lewis*, 1st Dist. Hamilton No. C-220457, 2023-Ohio-3036, ¶ 11, quoting *United States v. Ross*, 456 U.S. 798, 806, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), quoting *Carroll v. United States*, 267 U.S. 132, 153, 45 S.Ct. 280, 69 L.Ed. 543 (1932). Knowledge that a vehicle was used recently in a crime "creates an immediate need to act, before the automobile can be removed." *State v. Davis*, 8th Dist. Cuyahoga No. 90050, 2008-Ohio-3453, ¶ 10. The scope of the search extends to "every part of the vehicle and its contents that may conceal the object of the search." *Lewis* at ¶ 11, quoting *Ross* at 825.

{¶25} Here, the facts established probable cause for Pitts to believe that Martin was engaged in illegal activity and the evidence of that activity was inside of his vehicle. The trial court found that other officers relayed to Pitts that they were conducting a drug investigation; they intercepted a jail call from the primary target of that investigation; they heard the target instruct Martin to remove contraband from a residence; and they saw Martin leave that residence with a backpack, get into his vehicle, and drive away.

{¶26} Because Pitts had probable cause to believe Martin's vehicle contained evidence of illegal activity, officers' search of Martin's vehicle did not violate his Fourth Amendment rights. We overrule Martin's first assignment of error.

8

## B. The trial court should have merged the trafficking and possession of marijuana counts

{¶27} Martin's second assignment of error asserts that the trial court erred by failing to merge the trafficking and possession counts and by failing to merge the improperly-handling-a-firearm-in-a-motor-vehicle and carrying-a-concealed-weapon counts.

### 1. Martin forfeited all but plain error

{¶28} The trial court sentenced Martin to a total of three years of community control. It noted that the trafficking and possession counts "probably * * * would merge," but it did not merge those counts. Martin did not object or otherwise raise the issue of allied offenses to the trial court. When an accused fails to raise allied offenses of similar import before the trial court, this court reviews for plain error. *State v. Murph*, 1st Dist. Hamilton No. C-150263, 2015-Ohio-5076, ¶ 5.

{¶29} Therefore, Martin must demonstrate that there was an obvious error that affected the outcome of the case. *State v. West*, 168 Ohio St.3d 605, 2022-Ohio-1556, 200 N.E.3d 1048, ¶ 3. A court may reverse a plain error "only under exceptional circumstances to prevent a manifest miscarriage of justice." *State v. Phillips*, 74 Ohio St.3d 72, 83, 656 N.E.2d 643 (1995).

### 2. Allied offenses of similar import

{¶30} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10. This protection is also guaranteed by the Ohio Constitution, Article I, Section 10. The Double Jeopardy Clause protects against "multiple punishments for the same offense." *State v. Brasher*, 2022-Ohio-4703, 218 N.E.3d

9

899, ¶ 39.

**{¶31}** Allied offenses of similar import are offenses committed with the same animus, in the same time frame, and are so similar that an offender committing one offense necessarily means the offender committed the other offense. *State v. Bishop*, 1st Dist. Hamilton No. C-220231, 2023-Ohio-947, ¶ 14. When a defendant's conduct meets the elements of multiple offenses, the defendant may be convicted of all offenses when "any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Ruff* at 13. R.C. 2941.25 precludes separate convictions for allied offenses of similar import.

### 3. The trial court should have merged Martin's convictions for trafficking in and possessing marijuana

**{¶32}** Martin argues, and the state concedes, that Martin's trafficking-in-marijuana and possessing-marijuana counts should have merged. We agree.

**{¶33}** Martin's convictions for trafficking in marijuana in violation of R.C. 2925.03(A)(2) and possession of marijuana in violation of R.C. 2925.11(A) were based on the officers' discovery of marijuana in Martin's vehicle in an amount that was larger than as permitted for personal use in Ohio.

**{¶34}** "By its nature, a drug-trafficking offense under R.C. 2925.03(A)(2), which requires that the offender knowingly '[p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance,' necessarily includes some degree of possession." *Murph*, 1st Dist. Hamilton No. C-150263, 2015-Ohio-5076, at ¶ 7. Because the trial court's error was obvious, and affected the outcome of the case, we sustain the portion of Martin's second assignment of error alleging that

his convictions for possession of marijuana and trafficking in marijuana should have been merged.

### 4. The trial court did not commit plain error in failing to merge Martin's gun charges

**{¶35}** The trial court convicted Martin of carrying a concealed weapon under R.C. 2923.12(A)(2), which states, "No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand * * * a handgun," and improper handling of a firearm in a motor vehicle under R.C. 2923.16(B), which provides, "No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."

**{¶36}** This court has held that offenses are committed separately when the defendant's conduct satisfies all elements of one offense before committing the second offense. *State v. Jewell*, 1st Dist. Hamilton No. C-200046, 2021-Ohio-1108, ¶ 14; *see State v. Schmidt*, 11th Dist. Lake No. 2018-L-068, 2019-Ohio-3990, ¶ 27. And this court has held that under some sets of facts, but not all sets of facts, carrying a concealed weapon and improper handling of a firearm in a motor vehicle may be allied offenses of similar import. *See State v. Collins*, 1st Dist. Hamilton No. C-220147, 2022-Ohio-4353, ¶ 21.

**{¶37}** It is unclear why the trial court did not merge the counts. The trial court may have erroneously believed that the two counts could not be merged. Or the trial court may have determined that Martin had already completed all elements of carrying a concealed weapon before he got into the car with the gun. But because Martin is entitled to only a plain-error review, and we cannot say that the trial court made an obvious error, we overrule the portion of Martin's assignment of error asserting that

the trial court should have merged the carrying-a-concealed-weapon and improper-handling-of-a-firearm-in-a-motor-vehicle counts.

**{¶38}** We overrule in part and sustain in part Martin's second assignment of error.

### III. Conclusion

**{¶39}** For the foregoing reasons, we affirm in part and reverse in part the trial court's judgment. We reverse the sentences entered on the counts for possession of and trafficking in marijuana. We remand this matter to the trial court to permit the state to elect which of these allied offenses to pursue against Martin for sentencing and for the trial court to resentence on that count. We affirm the remainder of the trial court's judgment.

Judgment affirmed in part, reversed in part, and cause remanded.

**ZAYAS, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.